Sullivan, J.
The defendant was indicted for disturbing a religious society convened for public worship. The indictment was quashed by the Circuit Court.
The charge, as laid in the indictment, is that the defendant “ being present at and when a certain religious society was convened and met together for the worship of Almighty God, *did then and there interrupt, molest, and disturb said society and meeting, and the individual members thereof, by then and there in a loud, insulting, and boisterous manner talking, &c.”
The objections made to the indictment, are, 1, That it con *117 tains two distinct offenses in the same count, viz., disturbing the society; and disturbing the individual memoers of the society. 2, That it does not set forth the name by which the society so convened was known.
TL O’Neal and D. Malay, for the State.
G. B. Tingley, for the defendant.
The indictment is not liable to the first objection. Disturbing a religious society, or the individual members thereof, is made indictable by the statute. The indictment in the same count charges that the defendant did both; and if upon his trial, he had been found guilty of either of the offenses so charged, it would have been sufficient. If an indictment charges that a defendant did and caused to be done a particular act, it is enough to prove either, provided it be shown that the defendant has committed a substantive crime therein specified. 1 Ch. Cr. Law, 250, 251; 2 Camp. R., 583, 646; State v. Kuns, May term, 1840.
The second objection is equally untenable. It is not necessary to the existence of a society convened for public worship, that it should be known by any distinctive or sectarian name. Men of different creeds may meet together to unite in public worship, and when so convened, they form a society to which the statute extends its protection.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.