WILLIAM F. WALKER vs. J. M. WAINWRIGHT, bishop, &c.

The only ground upon which the supreme court can exercise any jurisdiction, to restrain a bishop from prosecuting a sentence of an ecclesiastical tribunal against a clergyman, by pronouncing judgment of displacement from the ministry, is that the threatened action of the defendant may affect the *civil rights* of the plaintiff, for the protection of which he has a proper recourse to the civil courts, viz. exemption from taxation, and the performance of certain civil duties.

Conceding that this is a sufficient ground for the action of the court, the only cognizance which it will take of the case is, to inquire whether there is a want of jurisdiction in the defendant to do the act which is sought to be restrained.

The court will not review the exercise of any *discretion* on the part of the bishop; nor inquire whether his judgment, or that of the subordinate ecclesiastical tribunal, is justified by the truth of the case. It will only inquire whether the bishop has the power to act; not whether he is acting rightly.

Therefore, the court will take no cognizance of a refusal of the defendant to issue a commission to take testimony; of his refusal to grant a new trial; of the alleged misconduct of a member of the court, &c.; these being matters which relate to the *mode of proceeding*, and not to the right to proceed.

Where a bishop, on entering upon the duties of his office, received a presentment, which had been found by a board of inquest, against the plaintiff, a priest of his diocese, and in the discharge of his duty, he nominated to the plaintiff twelve persons to act as triers of the offense charged; and out of these the plaintiff selected five, who proceeded to try the case; and the plaintiff appealed from their decision, by moving before the bishop for a new trial; and throughout all of these proceedings the plaintiff never specially raised the objection that the presenting board was not properly constituted; *Held*, that the objection must be considered as having been *waived* by the plaintiff; and that it could not be raised, for the first time, after the motion for a new trial had been denied, and when the bishop was about to pronounce a sentence of deposition from the ministry.

*Held also*, that an objection, relating to the capacity of the defendant to act as bishop, on the ground that another person was bishop, and therefore that it was incompetent for the defendant to organize the court for trial, was, *waived* by the plaintiff's recognition of the defendant's authority, when notified by him that he was about to proceed in the trial of the charges; and by his going through a protracted trial, without raising any objection.

THIS case came before the court on a motion by the plaintiff's counsel, for the defendant to show cause why an injunction pre-

viously granted to restrain him from prosecuting a certain sentence of an ecclesiastical tribunal against the Rev. Mr. Walker, by pronouncing judgment of displacement from the ministry of the church, &c. should not be made absolute.

EDMONDS, J. The view taken by me of one feature of this case will render unnecessary the examination of many of the questions which were discussed on the argument; and I shall, therefore, be silent in regard to them. The only ground on which this court can exercise any jurisdiction in this case is, that the threatened action of the defendant may affect the civil rights of the plaintiff, for the protection of which he has a proper recourse to the civil courts. The rights which are here invoked, for that purpose, are his exemption from taxation, and the performance of certain civil duties. Conceding (though without expressly ruling the point) that here is ground enough for the action of this court, it becomes material to say that the only cognizance which the court will take of the case, is to inquire whether there is a want of jurisdiction in the defendant to do the act which is sought to be restrained. I cannot consent to review the exercise of any discretion on his part, or at all inquire whether his judgment or that of the subordinate ecclesiastical tribunal can be justified by the truth of the case. I cannot draw to myself the duty of revising their action, or of canvassing its manner or foundation, any further than to inquire whether, according to the law of the association to which both of the parties belong, they had authority to act at all. In other words, I can inquire only whether the defendant has the power to act, and not whether he is acting rightly. Considering the question before me, within these narrow limits, I remark that the objections to the defendant's capacity to act, are two. 1. That the presenting board was not properly constituted; and 2. That Benjamin T. Onderdonk is the bishop of the diocese, and alone competent to do the act complained of.

As to the first objection, it seems to be a principle of the laws of this church that the ministers are amenable to trial only by the clergy. It is, therefore, provided that when one is com-

plained of, a board of inquest shall be appointed by the bishop, or, in a certain contingency, by the clerical members of the standing committee of the diocese. In this case that board was not appointed by a bishop, but by a standing committee. Prior to that time, a sentence of indefinite suspension had been pronounced against the bishop, and he was abstaining from performing the functions of his office; and the authority in this regard was exercised by the committee. Whether by the whole committee, lay as well as clerical members, or by the latter alone, does not clearly appear; and it is impossible for me to say, from the case as presented to me, whether the appointment was or was not by the clerical members of the committee alone. After the time that has elapsed, and all the proceedings which have been had, I do not feel myself compelled to infer that there was the imputed irregularity. The inference, if I must draw any, ought rather to be in favor of the regularity of the proceedings; and thus require of the party impeaching them, satisfactory evidence on the point. But, allowing this to be otherwise, and regarding it as made out that the appointment of the board of inquest was by the whole standing committee, and not alone by its clerical members, still it seems to me there is a principle which decides the question, and that is, that the plaintiff has, by his conduct, waived the objection. It seems, that when the defendant entered upon his duties as bishop, he found a presentment against the plaintiff; and he proceeded to discharge the duty which devolved upon him, namely, to nominate to the plaintiff twelve persons to act as triers of the offense charged. Out of these the plaintiff selected five, who proceeded to try the case. From their decision the plaintiff appealed, by moving before the defendant for a new trial, which was denied. Throughout the whole of these proceedings it does not appear that the plaintiff ever specially raised the objection now under consideration. He merely, in general terms, saved his objections and exceptions to all the proceedings that had been had. Such a reservation amounted to nothing. Good faith required that if the accused had any objections to the proceedings he should have made them in time; and pointed them out specifi-

Walker *v*. Wainwright.

cally, so that they could have been answered or obviated in due season. Otherwise he could slumber on his objections, and after leading his adversary into a protracted contest, and after taking the risk of a decision in his favor, avail himself of them to destroy that in which he has induced the other party to believe he acquiesced. This principle is one founded on good faith and common sense, and prevails in all cases in courts of justice, excepting only where a tribunal is acting without jurisdiction, which consent cannot confer. It has been recently applied in our court of appeals. (*The Buffalo and New-York City Railroad Company* v. *Brainard.* *The Same* v. *Smith*.) In these cases the court of appeals held the general railroad act to be unconstitutional. "And it appearing by the report of the commissioners, and by the proceedings thereon in the supreme court, that the defendants attended before the commissioners, and before the supreme court, at all times when any steps were taken in the proceedings; and it not appearing that they made any objections on account of the defects now complained of, all of which were such as might have been obviated if the objections had been made in season;" it was held that these objections had been waived, and the judgment of the supreme court was affirmed.

The application of this principle to the case before us is very simple. When the defendant, as provisional bishop, notified the plaintiff that he was about proceeding on the presentment, then was the time for this objection to have been made to the presentment, for then the bishop could have obviated it by appointing a new board of inquest, and having a new presentment. Instead of which the plaintiff wrote a letter to the bishop, eminently calculated to lull him asleep as to this or any other objection to the prior proceedings. In it he said, "I have resolved practically to reverence your godly judgment, by the submission of my will, &c. This acquiescence is consistent with the position I have hitherto assumed," &c. "The presentment— the trial of which I have hitherto opposed—is now in effect allowed by the bishop, and the bishop has provided for the constitution of a board for the trial of it. Objections that here-

tofore have been vital to my proceeding to trial at once, and again ordered before the ecclesiastical authority of the diocese, vested in you, are *hereby reversed."*  In a subsequent letter he said : "I shall do that which will permit the proposed court to exist. I shall comply with the intimation of duty so as aforesaid given by you, by selecting five from said list," &c. &c.  He urged the bishop particularly and urgently to request them to serve, and to assure them each one that such was his decided and earnest wish.  It was after this that the other proceedings were had, and the trial proceeded.  On the trial, the plaintiff appeared in person, and by his counsel examined the witnesses, and proceeded throughout without raising the objections now put forth, but as if he was carrying into effect his intention of reverencing the bishop's judgment by the submission of his will.  Under these circumstances, as the objection was one which the plaintiff might waive without affecting the capacity of the bishop to act, and one which might have been thus obviated, he must, by every dictate of good faith and sound principles of law, be regarded as having waived it.

The objection which I have been considering relates to the action of the standing committee before the defendant became bishop.  The other one, which goes to his capacity to act, is that Onderdonk was bishop, and therefore it was incompetent for the defendant to organize the court for trial.  This, also, the plaintiff must upon the same principles, be considered as having waived.  For when he was notified by the defendant that he was about proceeding on the charges, instead of objecting to his power to proceed, he avowed his desire and willingness to be tried, in the language I have already quoted, and he added : " The proceedings contemplated will be under and in virtue of episcopal ordering; the episcopal judicial mind, in our system inherently necessary, will impress each judgment given."  To this he superadded a long protracted trial, without ever raising the objection now relied upon.  And I am obliged to apply to such conduct the same rule of law which is daily applied to other transactions in life.  The rule is not a technical one.  It is founded on good sense, and aims at enforcing good faith in the

transactions of life; and I can discover no reason why it is not as applicable to clerical as it is to lay matters.

These are the only objections in this case which I am at liberty to consider. The refusal of the defendant to issue a commission to take testimony, his refusal to grant a new trial, the alleged misconduct of one of the court, &c. are all matters which relate to the mode of proceeding, and not to the right to proceed; and I repeat that it is the latter alone that I can take any cognizance of.

In this view of the case, I must deny the motion for an injunction, and dissolve that which restrained the proceedings of the defendant until this time.

[NEW-YORK SPECIAL TERM, October 14, 1853. *Edmonds*, Justice.]

