### ABNER LOCKETT v. THE STATE.

1. An agreement of counsel as to what the charge of the court was on the trial of a cause will not be regarded by this court on appeal, when the same is not authenticated by the approval of the district judge before whom the case was tried.

2. See this case for an indictment for disturbing a congregation assembled for religious worship which was held good under Article 284 of the Penal Code, before that article was amended by the act of April 23, 1873.

APPEAL from Bowie. Tried below before the Hon. John C. Easton.

The indictment in this case charged "that on the thir-

tieth day of December, A. D. 1872, in the county of Bowie, in said State of Texas, with force and arms, one Abner Lockett did, by loud and vociferous talking and swearing, at a church known as and called Sandy Grove, willfully disturb a congregation thereat assembled for religious worship, and conducting themselves in a lawful manner."

Verdict guilty, and a fine of twenty-five dollars.

A new trial was asked upon the ground that the law under which the defendant was found guilty was not in force at the date of finding the indictment. The motion was overruled, and Lockett appealed.

No brief on file for appellant.

*Geo. Clark*, *Attorney-General*, for the State.

ROBERTS, CHIEF JUSTICE.—There is in the transcript an agreement of counsel as to what the charge of the court was to the jury, which was not authenticated by the approval of the judge presiding. It cannot therefore be regarded by this court. There are no statement of facts, bill of exceptions, or charge of the court in the record.

The indictment is good for the offense of disturbing a congregation assembled for religious worship, whether tested by Article 284 of the Criminal Code, as it stood when the indictment was found, or by the same Article 284 as amended by the act of twenty-third of April, 1873 (page 43 of Gen. Laws Thirteenth Legislature). The words, "by loud and vociferous talking and swearing," do not vitiate the indictment, being merely a description of the means of disturbance, though not embraced in the article of the code before its amendment. The fine of $25 might be assessed by the jury under either the original or amended article.

Considering, then, the indictment and the verdict, which

are all that can be regarded by the court, as the record is here presented, there is no error in the judgment of the court. It is therefore affirmed.

AFFIRMED.