ATTORNEY GENERAL, PLAINTIFF, *v.* CONTINENTAL LIFE INSURANCE COMPANY, DEFENDANT.

MATTER OF CLAIM OF JOHN J. ANDERSON, FEES OF CHARLES H. WINFIELD, REFEREE.

*Stay of proceedings because of the non-payment of costs — what is a waiver of the right to insist upon it.*

A motion made by a referee appointed in this action for an order adjusting his costs having been granted, an appeal was taken therefrom by certain of the policyholders. Subsequently the policyholders moved to stay all proceedings on the part of the respondent, under section 779 of the Code of Civil Procedure, on the ground that the referee had not paid certain costs awarded against him by an order made October 9, 1882. No demand for the payment of the costs had been made upon the referee until September 29, 1885, after the appeal had been taken. No reference was made to the non-payment of these costs in the papers used, or at the hearing had, at the Special Term.

*Held,* that the appellant must be deemed to have waived the stay given by the said section, and that his motion should be denied.

MOTION on the part of the appellant for a stay of proceedings on the part of respondent.

*R. J. Moses, Jr.,* for C. P. Hartwell and others, policyholders, appellants.

*E. C. James,* for Charles H. Winfield, referee, respondent.

DAVIS, P. J.:

The respondent Charles H. Winfield, who was the referee appointed by the court in the above entitled action, moved at Special Term for an order adjusting his claims for his fees as such referee. This motion was opposed at Special Term by certain

policyholders, represented by Raphael J. Moses, their attorney and counsel. The motion was granted allowing to the referee the payment heretofore made to him and directing payment to the counsel of the referee of a specified sum for legal expenses incurred by him in the above entitled action. An appeal was then taken by Mr. Moses on behalf of the several policyholders to this court, and a motion is now made to stay all proceedings on the part of the respondent on such appeal under the provisions of section 779 of the Code, for the non-payment of certain costs awarded against Mr. Winfield by an order of this court made October 9, 1882. The motion is based upon a demand in writing for the payment of such costs, served upon Mr. Winfield on the 29th day of September, 1885, subsequently to the taking of the appeal. There is nothing in the papers, which constitute the return to the appeal, to show that any such objection was made at the Special Term, and the affidavits made on the motion show that the objection was not suggested to the Special Term nor at any time to the respondent until the demand. It does not appear that the order of the General Term allowing costs against the referee, specified any time within which they should be paid, nor does it appear that any demand for the costs or application for their payment was ever made prior to that made on the twenty-ninth day of September after the appeal had been taken. The section under which this motion is made expressly provides that "an adverse party may at his election waive the stay of proceedings." In some cases it has been decided to be a waiver to give a receiver notice of trial. ( *Verplanck* v. *Kendall*, 47 Supr. Ct. R., 513.)

In *Brown* v. *Griswold* (23 Hun, 618) this court intimated that service of a notice of trial after default in payment of costs would operate as a waiver of the statutory stay of proceedings resulting from the non-payment of such costs.

It is well settled that a party may waive a statutory or constitutional provision made for his benefit; and that by appearing and omitting to object to a proceeding a party may waive a statutory requirement which is not jurisdictional. ( *Matter of Cooper*, 93 N. Y., 507; *Embury* v. *Conner*, 3 id. 511; *Lee* v. *Tillotson*, 24 Wend., 337; *Phyfe* v. *Eimer*, 45 N. Y., 102; *Root* v. *Wagner*, 30 id., 9; *Walker* v. *Wainright*, 16 Barb., 486.)

In this case the appellants appeared on motion before the Special Term and made no objection to the proceedings on the ground that the costs now demanded had not been paid. On the contrary, it would seem from the papers that the case was argued and decided upon its merits. Subsequently they took an appeal to this court from the order made on that motion. Upon this state of facts we are of opinion that the statutory stay under section 779 of the Code must be regarded as having been waived. The appellants have made themselves actors by taking the appeal and compelling the respondents to come into this court to vindicate the order made by the court below. They are not at liberty now, by an assertion of the stay for non-payment of costs, to prevent the respondents from appearing here and taking whatever steps may be necessary to maintain the order.

The motion must, therefore, be denied, but without costs.

Brady and Daniels, JJ., concurred.

Motion for stay of proceedings denied, without costs.