OWEN JONES ET AL. V. STATE.

[FILED JANUARY 14, 1890.]

1. **Religious Societies:** DISTURBANCE: INFORMATION.    An information against certain parties charging that at certain times and places they did " willfully, maliciously and unlawfully interrupt, molest, and disturb a religious society, to-wit, 'The Welsh Presbyterian church,' and the members thereof while said members were met to perform the duties enjoined upon them and appertaining to them as members," etc., is sufficient to sustain a conviction.

2. ———: EXPULSION OF MEMBERS.    A church organization may make rules by which the admission and expulsion of its members are to be regulated and the members must conform to these rules.    If, however, it has no rules on the subject, those of the common law prevail, and before a member can be expelled notice must be given him to answer the charge made against him and an opportunity offered to make his defense, and an order of expulsion without such notice and opportunity is void.

ERROR to the district court for Gage county.    Tried below before BROADY, J.

*Pemberton & Bush,* and *Winter & Kauffman,* for plaintiffs in error, cited : 2 Bishop, Crim. Pro., secs. 285, 289, 290, 293, 294; *Stratton v. State,* 13 Ark., 688 ; *State v. Ringer,* 6 Blackf. [Ind], 109 ; *State v. Sherrill,* 1 Jones L. [N. Car.], 508 ; *Cearfoss v. State,* 42 Md., 403 ; *Commonwealth v. Richardson,* 126 Mass., 34 ; *State v. Armell,* 8 Kan., 288 ; *U. S. v. Mills,* 7 Peters [U. S.], 141 ; *State v. Seamons,* 1 G. Greene [Ia.], 418 ; *State v. Bryce,* 7 Ohio, pt. 2, 82; *Lamberton v. State,* 11 Id., 282 ; *Ellars v. State,* 25 Ohio St., 388 ; 1 Dillon, Mun. Corp., sec. 253; *Com. v. Oliver,* 2 Parsons, Sel. Cases (Pa.), 426 ; *Black, etc., Soc. v. Vandyke,* 30 Am. Dec., 265 ; *Hiss v. Bartlett,* 63 Id., 776.

*Wm. Leese, Attorney General,* and *Burke & Prout, contra,* cited : Maxwell, Crim. Pro., 286 ; *State v. Stubblefield,* 32

Mo., 563 ; *Kindred v. State*, 33 Tex., 67 ; *State v. Ratcliff*, 10 Ark., 530 ; *State, ex rel. Bryant, v. Lauver*, 26 Neb., 757; *Ex parte Maule*, 19 Id., 273 ; *Cropsey v. Wiggenhorn*, 3 Id., 117; *Wells v. Preston*, Id., 444; *Horbach v. Miller*, 4 Id., 43; *Dodge v. People*, Id., 220; *Walrath v. State*, 8 Id., 89; *Midland P. R. Co. v. McCartney*, 1 Id., 404 ; *Schroeder v. Rhinehardt*, 25 Id., 75; *M. P. R. Co. v. Hays*, 15 Id., 224; *State v. Swarts*, 9 Ind., 221 ; *Bird v. Church*, 62 Ia., 567 ; *Sale v. Church*, Id., 26 ; *Hardin v. Church*, 51 Mich., 137; *Ter Vree v. Geerlings*, 55 Id., 562; 22 N. W. Rep., 91.

MAXWELL, J.

The plaintiffs in error were convicted of "interrupting and molesting a religious meeting as charged, in the complaint," and sentenced to pay a fine of $10 each and costs.

The first ground of error assigned is that the complaint does not charge an offense. The complaint is as follows:

"The complaint and information of David Edwards, made before Richard Whitten, one of the justices of the peace in and for Gage county, Nebraska, who being first duly sworn, on his oath says that Owen Jones and Owen Parry, late of said county, at and within said county on the 11th day of December, A. D., 1887, and on divers other Sundays before said date, did willfully, maliciously, and unlawfully interrupt, molest, and disturb a religious society, to-wit, 'The Welsh Presbyterian church,' and the members thereof, while said members were met to perform the duties enjoined upon them and appertaining to them as members of said religious society, the said Owen Jones and Owen Parry not then and there being members of said religious society, having no right to be present at said meeting.

"He therefore prays that the said Owen Jones and Owen Parry may be arrested and dealt with according to law.

"DAVID EDWARDS.

"Subscribed in my presence and sworn to before me this 12th day of December, 1887.

"Richard Whitten,
"*Justice of the Peace.*"

The general rule is that the manner of the disturbance should be alleged, as by talking, laughing, or profane swearing. (*Cockreham v. State,* 7 Humph., 11; *State v. Stubblefield,* 32 Mo., 563; *Kidder v. State,* 58 Ind., 68; *State v. Ringer,* 6 Blackf., 109; *Lockett v. State,* 40 Tex., 4; Maxwell, Cr. Pro., 286.)

We are not prepared, however, to say that the complaint is void. The charge that the plaintiffs in error at certain dates "did willfully, maliciously, and unlawfully interrupt, molest, and disturb a religious meeting, to-wit, 'The Welsh Presbyterian church,' and the members thereof, while such members were met to perform the duties enjoined upon them," etc., states an offense under the statute. (*State v. Lauver,* 26 Neb., 757.) The language of the statute is "If any person shall at any time interrupt or molest any religious society, or any member thereof, or any persons when meeting or met together for the purpose of worship, or performing any duties enjoined on or appertaining to them as members of such society," and the complaint is nearly in the words of such statute. The objections to the complaint therefore are overruled.

It will be observed that it is charged in the information that "the said Owen Jones and Owen Parry, not then being members of said religious society, and having no right to be present at said meeting, were present," etc. This allegation having been made, it becomes material in the case.

The proof shows — in fact, it is admitted — that the plaintiffs in error had been members of the church in question, but it is claimed they were expelled, and thereby ceased to be members. It is not claimed that any open trial was had, or that the parties accused were notified to

32

appear and defend any accusation against them, nor do any facts appear from which the society would have the right to exclude the parties named from its membership.

Any society may make rules by which the admission and expulsion of its members are to be regulated, and the members must conform to those rules. If, however, there are no rules governing the case, then, before a member can be expelled, a charge must be made against him, and notice given to him to make his defense, and opportunity presented to make the same. (*Innes v. Wylie*, 1 Car. & K., 257; S. C. 47, E. C. L., 255.) In the case cited a member of a society had used menacing language towards another member of the society, and for this a majority of a general meeting of the society voted that he should no longer be considered a member thereof, but gave him no notice of the intention to take his conduct into consideration or any opportunity to make his defense. It was held that he was still a member, and the order of expulsion was void. (*Rex v. Richardson*, 1 Burr., 540; *Rex v. Liverpool*, 2 Id., 731; Ang. & A. on Corp., sec. 420.)

The rules of the church, if any, for the admission and expulsion of members were not offered nor introduced in evidence, nor any proof of a public trial upon any charge or any notice to the plaintiffs in error to appear and answer any specific charges. In the absence of any rules the common law prevails.

In *State v. Bryce*, 7 Ohio, pt. 2, 82, it is said: "This proceeding is essentially adversary in its character. The justice of the common law permits no investigation of facts which may be followed by the loss of a right, or by the infliction of penalty, to be conducted *ex parte*. It is essential to its validity that the party should be duly summoned. (4 Black., Com., 282; 1 East, 638; 6 Conn., 542; 2 Serg. & R., 141; 1 Burr., 540; Doug., 174.)"

The case cited was one where it was alleged that the relator had forfeited his office of trustee of the Ohio Uni-

versity by neglecting his duties, but it is applicable to that under consideration.

A church society is a voluntary organization formed for the advancement of the spiritual welfare of its members by counsel, admonition, and example, and to enable the society to employ and pay a pastor to look after, not only the welfare of that particular organization, but many charitable objects requiring aid, and to promote, as far as possible with the means at hand, the welfare of the race. There must be freedom of individual thought, and in respectful language, expression to such thoughts. It may be presumed that no sincere follower of the Master will so far forget his duty as to indulge in railings or unjust accusation. The right of membership is a valuable privilege of which no one should be debarred, except for adequate cause, shown either by the rules of the society or after a fair examination of the charges, after due notice. As neither of those things appear to have taken place, the order of expulsion would seem to be void.

In saying this, however, we do not intend to justify the conduct of the plaintiffs in error as shown by the testimony of some of the witnesses. The respect due to their associates certainly required the use of words of a less belligerent character.

Whether the use of the words and the conduct of the parties generally were sufficient under the rules of the organization, if any such there were, or would be deemed sufficient after a fair trial, for the expulsion of the parties, is a matter for the determination of the church tribunals, and need not be considered here; but for the want of proof showing the right of the society to expel the plaintiffs in error, the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.