ANDREW F. DEMPSEY v. THE NORTH MICHIGAN CONFERENCE OF THE WESLEYAN METHODIST CONNECTION OF AMERICA.

*Religious societies—Suspension of minister—Mandamus.*

1. *Mandamus* will not lie to compel the re-instatement of a minister, who has been suspended from his office, on the ground that he had no proper notice of trial, where it appears that he had actual notice of the time and place of trial, and was present with his counsel, and participated therein.

2. The interruption of the relator and his witnesses, and the incidental irregularities of the trial, are not subject to review in a *mandamus* proceeding.

*Mandamus.* Submitted on briefs December 15, 1893. Denied January 9, 1894.

Relator applied for *mandamus* to compel respondent to expunge from its records an order suspending him from his office and work as pastor, and to re-instate him therein. The facts are stated in the opinion.

*F. D. M. Davis,* for relator.

*Clute & Clute,* for respondent.

HOOKER, J. The relator, a clergyman of a Wesleyan Methodist denomination, asks a *mandamus* requiring the respondent to expunge from its records an order suspending him from his office and work as pastor in such denomination, and to restore and re-instate him to and in his former work as such pastor. The grounds upon which relief is sought, as set forth in the petition, are as follows:

"1. That the said conference had no authority or power, either by law or by the discipline, to delegate to any committee the right of trial of any elder of said connection

upon charges with reference to his character, with power to fix penalty; that, by the discipline of said connection, the conference itself is the only body entitled and authorized to act upon the charges preferred against your petitioner.

"2. That the committee above made acted without any authority under the discipline, and they had no authority to suspend for the period of time named in the said report; and, further, your petitioner alleges, in this behalf, that during the said trial he was constantly interrupted in not only his own testimony, but also that of his witnesses, and also in remarks which your petitioner tried to make in his own behalf, which was contrary to the discipline of said connection.

"3. That your petitioner did not have proper notice of a trial, and that he was informed by one Smith, a member of the committee, that no trial would be had."

An answer was filed, and issues were framed and tried at the circuit; said issues and findings being as follows:

"1. Whether the character of relator prior to September 2, 1891, was good. To this question we answer yes. And whether he had, prior to that time, committed acts unbecoming a minister of the gospel. To this we answer no.

"2. To the second question—whether relator, prior to his trial of which he complains in his petition, had been found guilty of wrongful acts before a committee appointed by respondent, assembled at the home of the relator—we answer that no; he had not.

"3. To the question whether, when relator was appointed pastor of the Westville church, he was received in said charge under strong protest, we answer he was not.

"4. To the question whether relator had a fair trial by the said respondent, in accordance with the discipline of the above-named church, we answer that he did not have a fair trial.

"5. As to whether relator had notice of the trial and the proceedings had in the premises, we answer that he had no proper notice.

"6. As to whether relator was, during his trial, interrupted, contrary to the rules and discipline of the said respondent, we answer that he was.

"7. As to whether relator had been offered a new trial, and what were the terms of the offer, to this we answer that he had not been offered a new trial.

"8. To the eighth question—whether relator has acted in hostility to respondent, and whether, if re-instated, it would endanger the welfare of the church—we answer no.

"9. As to whether the respondent has the right to delegate its judicial powers to committees, we answer that it has.

"10. As to whether respondent appointed counsel for relator upon his trial, we answer that they did not.

"11. Whether relator has asked for a new trial under the discipline when it could be had, we·answer yes; and, as to whether it has been refused, we answer there was no absolute refusal, but they did not comply with his request.

"12. As to whether it was stated to Mr. Dempsey, on said trial, by respondent's counsel, that he would not be forced to a trial unprepared, and that no advantage would be taken on account of the absence of witnesses; and whether or not said Dempsey replied that his witnesses were all present, and that he would withdraw all objections, and proceeded to trial after he had entered a plea of not guilty,—to this question we answer, as to counsel's statement, yes; as to Mr. Dempsey's reply, we answer no."

The first point made by the relator is that the conference only, and not a committee, was authorized to act and fix a penalty upon the charges preferred. The ninth finding of the jury seems to be final upon this question, and is the only means of determining it upon this record. We are therefore of the opinion that the conference could lawfully submit the matter to a committee.

The second ground of complaint attacks the *power* of the committee. In so far as it states that this committee acted without authority under the discipline, it is within the finding of the jury mentioned. It is further said that this committee had no power to suspend for two years. The answer of respondent asserts that it was within the power of the conference to authorize such committee to impose the penalty named, that the trial was conducted according to the discipline of said church, and that the judgment was just, proper, and right. No other issue than that mentioned involved the question of the power of the committee, and the answer must therefore be taken as

conclusive of the fact that such committee had such power and authority. The second ground of complaint states "that during the said trial the petitioner was constantly interrupted in not only his own testimony, but also that of his witnesses, and also in remarks which your petitioner tried to make in his own behalf, which was contrary to the discipline of said connection." All of this was denied in the answer, and an 'issue was framed, viz., the sixth. The jury find that the relator was, during his trial, interrupted, contrary to the rules and discipline of said respondent.

The third and remaining ground is that relator did not have proper notice of trial. The issue framed upon this was as follows, viz.: "As to whether relator had notice of the trial and the proceedings had in the premises,"—to which the jury say, "We answer that he had no proper notice."

If, then, relator is to have relief, it must be upon one or both of the last two findings, viz.: That he had no proper notice of trial, or that he was improperly interrupted during the trial.

The record clearly shows that the relator was not proceeded against without notice. He states in his petition that he had no notice of the time of trial. The answer states that he was present, in open conference, when preparations were being made for such trial; that he took part in the discussions pertaining to the arrangements for the same; that he requested said conference to assign him counsel to aid in his defense, which request was granted; and that he was represented at the trial by persons of his own selection, and that they raised no question of the want of notice of the time or place of trial. No issue was framed upon these statements, but the jury were required to determine "as to whether relator had notice of the trial and the proceedings had in the premises." To

this they answered that "he had no *proper* notice." What is meant by a "proper notice," as contradistinguished from "any notice," may be a matter of uncertainty; but in the light of the fact that both petition and answer state that the relator objected at the hearing that the *charges* "did not contain either date, time, or place assigned for trial," we may perhaps be justified in inferring that this was the defect in the proceeding upon which the jury found that a proper notice was not given. That he had actual notice of the time and place of trial is obvious, because he is shown to have been there, with counsel, participating in the trial, and suffering improper interruptions according to his statement. *Chase v. Cheney*, 58 Ill. 535. The jury were asked to determine whether the relator had notice. This they did not do, unless we are to infer that he had actual notice from the fact of the insertion of the uncalled for word "proper" in their answer. The jury were not directed to try the sufficiency of the charges, or whether it was necessary that they should state the time and place appointed for trial. We think that there is enough in this record to show that the respondent had jurisdiction, not only of the subject-matter, but of the person of relator. This, being determined, practically disposes of the case.

The statement is made that the relator was unduly interrupted upon the trial, and the jury have said that he did not have a fair trial. These questions, like several others having no especial significance, seem to have been tried before the jury, and their findings are returned; but the decision here must rest upon the questions raised by the petition. The interruption of the relator and his witnesses, and the incidental irregularities of the trial, are not subject to review in this proceeding. *Walker v. Wainwright*, 16 Barb. 486; *Chase v. Cheney*, 58 Ill. 509; *Connitt v. Dutch Church*, 54 N. Y. 551. If they were, no

definite irregularity, prejudicial to the relator, appears, which calls for the issue of a discretionary writ.

Writ denied, with costs.

The other Justices concurred.