## HATFIELD *v.* DeLONG ET AL.

[No. 18,895.   Filed February 19, 1901.]

156  207
f156  703

RELIGIOUS SOCIETIES.—*Injunction.*—The court will enjoin an appellate tribunal of a religious society from expelling a member of the church on the charge of a spiritual offense, where it is shown that such tribunal was not organized in conformity with the laws of the church.

From the Huntington Circuit Court.   *Reversed.*

*J. T. Alexander, M. L. Spencer* and *W. A. Branyan,* for appellant.

*J. Q. Cline, J. C. Branyan, J. B. Kenner* and *U. S. Lesh,* for appellees.

BAKER, J.—A demurrer for want of facts was sustained to appellant's complaint. On his refusal to plead further, the judgment was entered from which this appeal was taken. The material facts alleged are these: Appellant is, and has been for twenty years, a member of a religious organization, whose highest governing body, according to the organic law of the society, is the general conference that meets each quadrennium; whose next highest governing body is the annual conference of subdivisions of the church; whose next highest governing body is the quarterly conference of subdivisions of the annual conference; and whose lowest governing body is the local congregation. Appellant was a member of the local congregation at Huntington, Indiana. One of the appellees was the pastor, one the presiding elder, and certain others were members of the same congregation. Appellant had a large acquaintance and high standing throughout the membership of the society, and was elected a lay delegate from his annual conference to the general conference of 1893, at which he was chosen chairman of the lay delegates. The election of delegates to the general conference of 1897 was held in November, 1896. Ap-

pellant was again a candidate for election as a lay delegate by his annual conference. His pastor was opposed to his candidacy, and gave out in speeches that appellant should not sit, if elected, because charges would be preferred against him and he would be expelled from the church before the general conference would meet. Appellant was elected by the highest vote given any candidate. As soon as the result was known, the pastor caused appellant to be summoned for trial. The trial resulted in a judgment of expulsion. (The complaint sets forth a number of alleged irregularities in the proceedings, which it is unnecessary to notice here for reasons subsequently stated.) From this judgment appellant took an appeal to the next quarterly conference. The organic law of the society authorizes an appeal to the quarterly conference, but no higher. It is provided that on appeal the trial shall be had before a tribunal of five, two to be chosen by the accused, two by the quarterly conference, and the fifth by the four; that no person shall sit as a member of the appellate tribunal who sat in judgment at the original trial; that a decision of a majority of the appellate tribunal shall be final; and that any member who refuses to abide by such decision shall be expelled without further trial. Appellees constitute the quarterly conference. Appellant chose two competent persons to act as members of the appellate tribunal. Appellees, with the fraudulent purpose of depriving appellant of the benefits of his appeal, selected two of their number to act as members of the appellate tribunal who had sat in judgment at the original trial. These two refuse to consider the selection of any one as the fifth member of the appellate tribunal except a certain person who is in the conspiracy to deprive appellant of the benefits of an appeal and whose purpose is to join the other two in denying appellant a fair hearing. The office of lay delegate is one of trust and profit, to which a compensation of $50 is attached. Appellant has done nothing for which he may properly be disciplined or ex-

pelled. The quarterly conference has no judicial functions in connection with appeals. Its only duty is to select two eligible members of the appellate tribunal. There were and are many competent persons to choose from, but appellees persist in upholding the unlawful selections already made. The prayer is that the two ineligible persons be enjoined from sitting on the appellate tribunal, and that all the appellees be enjoined from acting in the premises until two competent persons have been selected by the quarterly conference.

It is immaterial what irregularities were committed at the original trial, for, if secular courts will intervene at all, they will not do so until the complaining party has exhausted his remedies within the church. *German, etc., Church* v. *Seibert,* 3 Pa. St. 282.

If property rights are involved in the decision of an ecclesiastical judicatory, the secular courts may generally be called upon to determine the controversy. *Gaff* v. *Greer,* 88 Ind. 122, 45 Am. Rep. 449; *Smith* v. *Pedigo,* 145 Ind. 361, 19 L. R. A. 433. But no property rights are directly involved in this appeal.

If civil rights, as contradistinguished from ecclesiastical questions, are passed upon by a church tribunal, the secular courts will, as a general rule, decide the merits of the case for themselves. For example, if a pastor's salary is stopped, not as an incident or indirect result of his expulsion from the church, but by a direct breach of a contract lawfully entered into, a civil right is involved which a secular court may intervene to protect. *Jennings* v. *Scarborough,* 56 N. J. L. 401, 28 Atl. 559; *O'Hara* v. *Stack,* 90 Pa. St. 477; *Wallace* v. *Trustees,* 194 Pa. St. 178, 45 Atl. 84. But in the present case no civil rights are directly affected. If appellant loses the office of lay delegate to the general conference and the pecuniary emoluments thereto attached, he will lose them as an incident or indirect result of his

excision from the body of the society, and not by the breach of a civil contract. The allegations of the complaint with respect to the office and compensation of delegate will therefore be disregarded.

If only ecclesiastical questions, such as those of doctrine and discipline, are in issue, the decision of the spiritual court is final and will be accepted as conclusive by the secular courts. *Grimes* v. *Harmon*, 35 Ind. 198, 254, 9 Am. Rep. 690; *Hadley* v. *Mendenhall*, 89 Ind. 136; *O'Donovan* v. *Chatard*, 97 Ind. 421, 49 Am. Rep. 462; *Shannon* v. *Frost*, 42 Ky. 253; *Fitzgerald* v. *Robinson*, 112 Mass. 371; *German, etc., Church* v. *Seibert*, 3 Pa. St. 282; *Travers* v. *Abbey*, 104 Tenn. 665, 58 S. W. 247. The allegations of the complaint that appellant has not offended against the faith and teachings of the church present, therefore, a question that is not cognizable here.

The foregoing considerations, however, do not dispose of this appeal. The cases that have been spoken of presuppose the existence of an ecclesiastical judicatory in accordance with the organic law of the church. The member, by joining, agrees that the church shall be the exclusive judge of his right to continue. For the purpose of trying a member on charges of having violated the rules of the church or the laws of God, the church is the tribunal created by the organic law. The member has consented that, for all spiritual offenses, he will abide the judgment of the highest tribunal organized under the constitution of the church. But he has not consented to submit to usurpation. As Mr. Justice McCabe said in *Smith* v. *Pedigo*, 145 Ind. 361, on p. 407, "It must be the act of the church, and not the act of persons who are not the church". In this case, it is disclosed that appellant has proceeded as far as he can within the church. He was compelled either to submit his appeal to a tribunal organized in defiance of the constitution of the church, or to appeal to the secular courts. If the secular courts are without jurisdiction to grant relief, it is apparent that, on

the facts alleged in the complaint, the question of appellant's guilt or innocence of spiritual offense will be determined by an unconstitutional tribunal. This court will have nothing to do with the charge of spiritual offense. That is an ecclesiastical question purely. But the inquiry, whether or not the tribunal has been organized in conformity with the constitution of the church, is not ecclesiastical. It is the same question, and that only, that may arise with respect to any voluntary association, such as fraternal orders and social clubs. The assertion of jurisdiction in such a case is not an interference with the control of the society over its own members; but, on the contrary, it assumes that the constitution was intended to be mutually binding upon all, and it protects the society in fact by recalling it to a recognition of its own organic law. *Bouldin* v. *Alexander,* 15 Wall. 131, 139, 140, 21 L. Ed. 69. Opinion of Lawrence, C. J., and Sheldon, J., in *Chase* v. *Cheney,* 58 Ill. 509, 541; *Schweiker* v. *Husser,* 146 Ill. 399, 435, 436, 34 N. E. 1022; *Fitzgerald* v. *Robinson,* 112 Mass. 371, 379; *Jones* v. *State,* 28 Neb. 495, 44 N. W. 658, 7 L. R. A. 325; *Pounder* v. *Ashe,* 36 Neb. 564, 54 N. W. 847; *Walker* v. *Wainright,* 16 Barb. 486; *Loubat* v. *LeRoy,* 40 Hun 546; *Heaton* v. *Hull,* 59 N. Y. Supp. 281; *Brown* v. *Cure, etc., de Montreal,* 6 L. R. Privy Council 157; *McMillan* v. *Free Church,* 23 Court of Session Cases 1314, 1334; note to *Hiss* v. *Bartlett,* 63 Am. Dec. 772, 776; note to *Kearns* v. *Howley,* 68 Am. St. 856; note to *Nance* v. *Busby,* 15 L. R. A. 801.

It is suggested that appellant might not be convicted by the tribunal complained of, and that therefore he is not entitled to the injunction prayed for. If a conviction by that tribunal would be illegal, so also would be an acquittal. The decision, right or wrong, of a proper tribunal would not be reviewed by the secular courts; but they will determine whether or not an alleged tribunal has been constitutionally organized; and the proper time to do

American, etc., Co. *v.* Ellis.

so, on an application for injunction, is before it takes action. As an unlawful expulsion would affect appellant's standing in his community and accomplish an injury for which there is no adequate remedy at law, injunction is the proper remedy.

Judgment reversed, with directions to overrule the demurrer to the complaint.