## TAYLOR et al. v. JACKSON et al.

(Court of Appeals of District of Columbia. Submitted April 4, 1921. Decided May 2, 1921.)

No. 3475.

1. **Religious societies ⊜12(5)—Judicial review of expulsion limited to determining question of compliance with rules.**
   In a suit to compel a religious society to restore complainants to membership, where no temporal rights of complainants are involved the court's inquiry must be confined to a determination of whether there has been a substantial compliance with the rules of the church.

2. **Religious societies ⊜7—Rules held to entitle member to copy of charges only on demand.**
   Church rules giving any one tried by the church an opportunity to vindicate himself and giving him a right to demand and receive copies of all charges against him requires the church authorities to furnish the member with copies of the charges only when the member makes request therefor.

3. **Equity ⊜373—At hearing on bill and answer, averments of answer must be taken as true.**
   Where the hearing in the court below was upon bill and answer, the averments of the answer must be taken as true.

4. **Religious societies ⊜7—Member held expelled without notice.**
   Proof that a church officer went to the home of a member, and, when he stated he was from the church on official business, was informed that the member was in bed and would not open the door, whereupon the officer attempted to push under the door the notice of the meeting to hear the charges against the member, does not show that the member was given the notice of the hearing of the charges against him required by the church rules.

---

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Religious societies ☞7—Members declining to receive notice cannot object to service.**

Members of a church, declining to receive notices of meeting for the hearing of charges against them after they knew the purport of the notices, cannot object that the notices were not properly served, especially where they stated they would not appear at the hearing and that the church could take any action it chose.

**6. Religious societies ☞7—Expulsion of member without notice void.**

Where church member was not given the requisite notice and opportunity to be heard before he was expelled on charges, the order of expulsion was void.

Appeal from the Supreme Court of the District of Columbia.

Suit by James A. Jackson, Joseph S. Burke, and others against William A. Taylor, Pastor of the Florida Avenue Baptist Church, and others, to restore complainants to the roll of membership in the church. Decree for complainants, and defendants appeal. Affirmed as to complainant Burke, and reversed as to the other complainants.

Armond W. Scott, of Washington, D. C., for appellants.

Royal A. Hughes and Thomas L. Jones, both of Washington, D. C., for appellees.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District, directing appellants, as pastor and deacons, respectively, of the Florida Avenue Baptist Church (colored), in this city, to restore appellees to the roll of membership in the church.

At a prearranged meeting of the church, appellees were dropped from its roll of membership. They then filed their bill in the court below, alleging, inter alia, that the proceedings resulting in their expulsion "were unlawful and irregular," in that appellees were not furnished copies of the specific charges against them, that they "were never informed of their accusers," and "were given no opportunity of meeting face to face their accusers or of hearing the witnesses against them nor of presenting witnesses in their defense."

In the answer to the petition it is alleged that appellees were duly notified of the time and place of the above meeting, and attached to the answer are two affidavits showing the manner of service upon appellees. In the first affidavit it is set forth, by the member designated to make service upon appellees Burke and Dickinson, that he went to Burke's home and knocked on the door; that Burke inquired who it was, and affiant replied, "Glenn, from the deacon board of Florida Avenue Baptist Church, on official business." Burke responded that he had "gone to bed" and declined to come to the door, whereupon affiant made an unsuccessful attempt to push a copy of the charges under the door. Next morning affiant went back to Burke's home, with the same result.

As to the service on Dickinson, it is stated that affiant went to the place where he boarded, was informed that he was in bed, and made a request that he be called; that Dickinson came to the window and, when affiant asked to see him, suggested that affiant could tell him what he wanted. Affiant then told him he had a notice for him from the

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

deacon board of his church, and affiant asked to "see him at the door and give it to him," to which Dickinson replied "that he did not care to be bothered with that stuff." Thereupon affiant—

"threw the notice and copy of the charges into the hall on the floor and left; the said notice and charges being notice of the time and place of trial and charges filed against him by the deacon board for disturbing public worship, peace, and harmony of the Florida Avenue Baptist Church."

In the second affidavit affiant says he went to the home of appellee Jackson and informed him that affiant had charges from the church, which affiant undertook to present to him; that Jackson answered—

"that he knew that I had charges, and that he would not accept any charges from any one, and that he did not care what the church did; he was not going to appear, and that he would have nothing to do with any of it, and he dared any one to give him any charges of any description; that he would not recognize the charges, and would not let me leave them on the premises; after having fully explained the nature of the said charges, then I left; that he would not attend the meeting set for the investigation of said charges, and he said that he did not care what action the church took in the matter."

Affiant had substantially the same experience with the appellee Porter.

It is agreed that Hiscox's Directory for Baptist Churches prescribes the procedure to be followed in Baptist Church trials. It is there provided (note 4) that—

"any one tried by a church should be allowed every opportunity, both as to time, place and circumstance, to vindicate himself."

Note 5 provides:

"That every person so tried has a right to demand and receive copies of all charges against him, the names of the accusers and witnesses, both of whom shall have the privilege of meeting face to face, hearing their statements," etc.

[1, 2] No temporal rights of appellees being involved, our inquiry must be confined to an examination of the rules of the church organization, for the purpose of determining whether there has been a substantial compliance with those rules. Satterlee v. Williams, 20 App. D. C. 393. Note 4 of Hiscox's Directory contemplates that there shall be given a member against whom charges have been preferred a notice, either verbal or written, as to the time and place of the trial. Note 5 confers upon the person to be tried the right "to demand and receive copies of all charges against him." In other words, it is not incumbent upon the church authorities to furnish the member with copies of charges unless requested by him.

[3-5] In the present case, the hearing in the court below having been upon bill and answer, the averments of the answer must be taken as true. As to the service on appellee Burke, it does not appear that he actually was notified of the pendency of the charges and trial, and although his attitude when service of the charges was attempted to be made upon him indicates that he may have known of both, we may not assume that knowledge existed. Appellee Dickinson was told by the member designated to make service that this member "had a notice from the deacon board of his church for him." He, however, not

only declined to come to the door, but declared "that he did not care to be bothered with that stuff." Thereupon the paper containing the notice of the time and place of the trial, together with the charges, was thrown into the hall. In the circumstances, this was sufficient. When a brother member of the church informed appellee of the character of his mission, it clearly was appellee's duty to receive the communication from the church authorities. Having prevented the actual handing of the notice to him, he is not now in a position to take advantage of the fact that it was left in the hall. The attitude of appellees Jackson and Porter is still less defensible, for they positively declined to accept any charges, declared they would not attend any hearing, and expressed indifference as to what the church might do.

[6] It results that appellee Dickinson, Jackson, and Porter, having had the notice required by the church regulations, are not in position to challenge the action of the church at the hearing. As to the appellee Burke, however, we are constrained to hold that he was not given requisite notice, and hence that he has had no opportunity to be heard. The order expelling him therefore was void. Canadian Religious Ass'n v. Parmenter, 180 Mass. 415, 62 N. E. 740; Jones v. State, 28 Neb. 495, 44 N. W. 658, 7 L. R. A. 325; Jennings v. Scarborough, 56 N. J. Law, 401, 28 Atl. 559; Bouldin v. Alexander, 15 Wall. 131, 140, 21 L. Ed. 69.

The decree will be reversed as to appellees Dickinson, Jackson, and Porter, with direction to remand the case and dismiss the bill as to them. As to the appellee Burke, the decree will be affirmed. Costs will be divided equally between appellants and appellees.

Reversed as to appellees Dickinson, Jackson, and Porter.

Affirmed as to appellee Burke.