**LISICHIN et al. v. ANDREWS, Industrial Commissioner of New York.**

District Court, S. D. New York.

June 16, 1938.

Samuel Rosenzweig, of New York City, for plaintiffs.

John J. Bennett, Jr., of New York City, for defendant.

Before CHASE, Circuit Judge, and PATTERSON and LEIBELL, District Judges.

PER CURIAM.

The plaintiffs applied, through the medium of an order to show cause in the above entitled action in equity, to a statutory court constituted under the provisions of Sec. 266 of the Judicial Code (28 U.S.C.A. Sec. 380) for an interlocutory injunction to restrain the defendant, the Industrial Commissioner of the State of New York, from enforcing against them the provisions of Article 25-A of the General Business Law of New York, Consol.Laws N.Y. c. 20, as amended. The particular restraint sought is against the enforcement of the amendment to that law which was passed by the legislature in 1937 and has become Sec. 389-a. It prohibits, on and after July 1, 1938, the use of secondhand material as defined in the statute, or of any material which has been exposed to infectious or contagious disease, or is unclean, or unsanitary, in making for sale any article of bedding or any article of upholstered furniture or in the preparation of any material used or commonly used for filling such articles of bedding or furniture.

The plaintiffs, having properly invoked this jurisdiction, seek relief on the ground that the statute as amended is unconstitutional in that it denies them equal protection and deprives them of their property without due process in violation of the 14th Amendment. U.S.C.A.Const. Amend. 14. The hearing was upon bill and answer. And as there are no admissions in the answer which aid the plaintiffs on the merits, they can now prevail only on the strength of the averments in the bill which are not denied in the answer. Terral v. Burke Const. Co., 257 U.S. 529, 42 S.Ct. 188, 66 L.Ed. 352, 21 A.L.R. 186; Taylor v. Jackson, 50 App.D.C. 381, 273 F. 345.

It was alleged in the bill that the plaintiffs are, and for many years past have been, engaged in the manufacture and refinishing of metal beds, bed springs, metal couches, metal cots and metal folding beds and that in so doing they use both new and secondhand materials but use more secondhand than new. The bill also alleges, and the answer denies, that the secondhand materials used by the plaintiffs are sterilized prior to use by a modern and scientific sterilizing process approved by the defendant and that they are clean, sanitary, safe for personal use and are in no way detrimental to health. It is further alleged and denied that the materials whose use is prohibited by the statute may be made sanitary by sterilization and "absolutely safe for use in the manufacture of metal beds, bed springs, metal folding beds, metal couches, and metal cots". Their complete prohibition in the manufacture of the named articles is, therefore, said to be "an improper classification of, and an invalid discrimination against legitimate articles of trade" which in turn reacts upon the plaintiffs, in that the defendant threatens to prosecute them if they continue to do business as heretofore and thus they will be prevented from so doing and will suffer irreparable loss and injury.

The material allegations upon which the application for an interlocutory injunction is based being all denied by the answer, there is nothing now before us to justify the issuance of any injunction. The application stands faced with what we must take to have been the deliberate action of the New York legislature in the regulation of the manufacture of bedding to safeguard the public health. That is clearly a subject within the legislative power. We can have no concern with whether or not that has been exercised wisely. Heath & Milligan Mfg. Co. v. Worst, 207 U.S. 338, 28 S.Ct. 114, 52 L.Ed. 236. We are confined to the question of power per se and whether this statute violates the due process clause and denies the plaintiffs equal protection depends upon facts which are now controverted and have in no way been proved. Judicial notice may at times take the place of evidence to this end, Quong Wing v. Kirkendall, 223 U.S. 59, 64, 32 S.Ct. 192, 56 L.Ed. 350, but otherwise, and that is plainly the situation here, the necessary facts must be proved in some way. The plaintiffs have that burden. Weaver v. Palmer Bros. Co., 270 U.S. 402, 46 S.Ct. 320, 70 L.Ed. 654. The case just mentioned is relied on by the plaintiffs but it obviously can be of no present help for essential facts to make it applicable have not been proved.

It is true that the statute does permit the sale of secondhand bedding as such and the remaking or renovation of it by or for the owner when that is done for the owner's use and not for sale. Yet this does not afford such inherent evidence of unreasonable classification that the statute is prima facie invalid. Assuming, as we must, that the legislature was attempting to remedy a real evil, it could do so in a really practical way by including in its regulation that part reasonably considered important and without covering what was of relatively slight consequence. Carmichael v. Southern Coal & Coke Co., 301 U.S. 495, 57 S.Ct. 868, 81 L.Ed. 1245, 109 A.L.R. 1327. Legislative action based upon classifications dictated by such considerations is not on its face unreasonable or arbitrary. Bayside Fish Co. v. Gentry, 297 U.S. 422, 429, 56 S.Ct. 513, 516, 80 L.Ed. 772.

Interlocutory injunction denied.