## FEDERAL LIFE INSURANCE COMPANY *v.* PETTY, EXECUTOR.

[No. 22,088. Filed March 14, 1912.]

1. INSURANCE.—*Actions on Policies.—Reinsurance.—Complaint.— Failure to Set out Reinsurance Contract.*—In an action on a policy of reinsurance, the contract between the defendant company and the company for whom the reinsurance was written, providing for such reinsurance, is not the foundation of the action and need not be set out in the complaint. p. 261.

2. INSURANCE. — *Reinsurance. — Limiting Liability. — Proofs of Death.—Answer.—Demurrer.*—In an action on a policy of rein‑ surance, where it appears from the contract between defendant company and the company for whom the risk was reinsured, which is made a part of defendant's answer averring a failure to furnish proof of death of the insured to the company procur‑ ing such reinsurance, that the furnishing of such proof to the latter company was not contemplated by its terms, a demurrer to such answer was properly sustained. p. 261.

3. INSURANCE. — *Reinsurance.—Rights of Assured.*—Pursuant to §4753 Burns 1908, §15 Acts 1897 p. 318, providing for the transfer and reinsurance of a company's business, the rights of the as‑ sured cannot be reduced by the provisions of the reinsurance contract entered into between the companies. p. 261.

4. EVIDENCE.—*Pleadings.—Admissions.*—In an action on a policy of insurance the plaintiff is not bound by the terms of a rein‑ surance contract by putting in evidence the defendant's answer containing such contract. p. 262.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by William F. Petty, as executor of the will of Thomas Petty, deceased, against the Federal Life Insurance Company and the Model Life Insurance Company. From a judgment for plaintiff, the defendant Federal Life Insur‑ ance Company appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*C. A. Atkinson, W. F. White* and *Larz A. Whitcomb,* for appellant.

*Orr & Orr,* for appellee.

MORRIS, C. J.—Suit by appellee against appellant and the Model Life Insurance Company, on a life insurance policy dated May 22, 1900, issued by the Model Life Insurance Company on the life of Thomas W. Petty, for $2,500, payable to his legal representative, and on a policy of reinsurance, issued to said Petty, by appellant, dated March 12, 1904.

The complaint alleges that on March 12, 1904, the Model Life Insurance Company and appellant entered into an agreement, by the terms of which appellant reinsured and assumed all policies of the Model company, including the one sued on, and thereafter, on April 28, 1904, delivered to appellee's decedent the policy of reinsurance sued on, No. 6,220. Copies of both policies are filed with the complaint as exhibits.

Excepting the number of the policy, the amount of insurance and the name and residence of the insured, the reinsurance policy sued on is a copy of the one issued by appellant to Clara Kerr, a copy of which is set out in *Federal Life Ins. Co.* v. *Kerr* (1910), 173 Ind. 613, on pages 615, 616, 89 N. E. 399.

The policy of the Model company, sued on here, provided, among other things, that it should be incontestable after two years, except for nonpayment of premiums, and that proof of the death of the insured should, within one year thereafter, be furnished the Model company at its office in Indianapolis.

The complaint further alleges that Thomas W. Petty died in April, 1907; that proof of his death was made and furnished to appellant on August 12, 1907; that the insured, prior to March 12, 1904, paid to the Model company all premiums provided for in the policy; that subsequently thereto the premiums were paid to appellant, as they became due, before the death of the insured.

Appellant demurred to the complaint for insufficient facts.

This demurrer was overruled. It then filed an answer in four paragraphs, the first of which was a general denial.

The second paragraph avers that the Model company was and is an assessment company, organized under the act of March 9, 1897 (Acts 1897 p. 318, §§4739-4764 Burns 1908) ; that on March 12, 1904, the Model Life Insurance Company and appellant entered into a written contract of reinsurance, as provided for in §15 of the above act (§4753 Burns 1908), whereby the Federal Life Insurance Company reinsured the outstanding policies of the Model Life Insurance Company, including the one sued on. A copy of the contract of reinsurance between the two companies is filed as an exhibit with this paragraph, and also appellant's third and fourth paragraphs of answer.

The contract is very long, contains twenty-seven articles, and occupies many pages of the record. Article seventeen provides that proofs of death shall be furnished on forms in use by appellant, and payment shall be made by appellant on receipt of satisfactory proofs of the cause and fact of death. Article twenty-six provides that the Model company agrees to cease transacting life insurance business. By the terms of the contract, the Model company transferred its assets and property to appellant, and the latter assumed the payment, subject to certain qualifications, of all risks, indicated by a schedule attached, which includes the policy in suit. Appellant was further authorized to receive, open and retain as its own, all mail thereafter addressed to the Model company.

In article two is the following provision:

"The said party of the second part reserves the right to any and all defenses for death or other claims which may be presented by beneficiaries of said members of said party of the first part, or by said members, as the said party of the first part would have been entitled to interpose, if the said members had not been transferred to said party of the second part, and said party of the second part also reserves the right to bring

any and all suits, or to interpose any defense either at law or in equity for cancelation of certificates or policies of insurance, issued by said party of the first part, or for any other lawful purpose which the said party of the second part might bring or interpose, if the applications had been originally made to said party of the second part, instead of to the said party of the first part."

It is averred that no proof of death was ever furnished the Model company; that more than one year has elapsed since the death of the insured, and that the Model company is still a corporation, existing by virtue of the laws of Indiana.

The third paragraph of answer is partial only, and is based on certain provisions of the reinsurance contract between the two companies.

Among these provisions, one, relating to the liability assumed by appellant, is set out in the opinion in *Federal Life Ins. Co.* v. *Kerr, supra,* on page 620. Another provision of the above contract was that in case any statement in the application should be found untrue, "the only liability of the party of the second part in respect to such policy or certificate shall be to repay the premiums actually paid to it thereon."

The contract also provides that in no event shall appellant be charged with the payment of any liability incurred by the Model company, except as provided in the reinsurance contract.

It is further averred that appellant did not assume any obligation with reference to the policy sued on, except as provided in the reinsurance policy, and in the above contract between the companies; that it delivered the reinsurance policy to the insured, who retained it until his death; that the retention by the insured of the reinsurance policy, by virtue of the provisions thereof, operated as an acceptance by the insured of the provisions of the reinsurance contract between the companies.

It is also alleged that certain statements in the insured's

application were false, and, consequently, there were certain breaches of warranty; that the insured had paid to appellant in premiums the sum of $240, for which, with interest thereon, amounting in all to $270, appellant had offered to confess judgment.

Appellant prays that the amount of recovery be limited to the sum for which it offered to confess judgment, and that it recover judgment for costs which accrued subsequent to the offer to confess.

The fourth paragraph of answer is partial only, and avers that by one of the sections of the reinsurance contract executed by the two companies appellant was authorized to charge a reserve lien against the policy, amounting to $120.63, bearing interest at five per cent from March 12, 1904; that it was, also, by the reinsurance contract, authorized to charge against the policy a reserve lien for the difference between the annual premiums which the insured had been paying to the Model company up to March 12, 1904, and the annual premiums of appellant, for a policy similar to the one issued by the Model company to Petty, at his age when issued; that the difference between such premiums was $51.

It is further averred that appellant had charged said liens against the policy; that they were due and wholly unpaid, and appellant prays that the amount due it, because of said liens, be deducted from the amount found due plaintiff on the policy.

The trial court sustained plaintiff's demurrers to each of the second, third and fourth paragraphs of answer. The cause was tried on the issue formed by the general denial. There was a finding and judgment for plaintiff, for the full amount of the policy, and interest thereon. Defendant's motion for a new trial was overruled.

The errors assigned here are the overruling of appellant's demurrer to the complaint, sustaining the demurrers to the

second, third and fourth paragraphs of answer, and overruling the motion for a new trial.

It is contended by appellant that the complaint is insufficient, because it fails to set out the reinsurance contract between appellant and the Model company, referred to in the reinsurance policy.

In *Federal Life Ins. Co.* v. *Kerr, supra,* the identical question was involved, and it was held by this court that this reinsurance contract was not the foundation of the action, and need not be set out.   While conceding the effect of the above decision, appellant, in an elaborate brief, most earnestly assails the correctness of the rule declared by the court in that case.

After a careful consideration of all the propositions asserted, and the authorities cited by appellant in its carefully prepared brief, we are constrained to adhere to our former decision.   Consequently, the lower court did not err in overruling the demurrer to the complaint.

No error was committed in sustaining the demurrer to the second paragraph of answer.   If it were conceded that appellant's liability was limited by the provisions of the reinsurance contract, it is clear that it was not contemplated by the terms thereof that proof of death of the insured should, after the execution of the reinsurance contract, be furnished the Model company.   It transacted no insurance business, and, under the very terms of the contract, if a duplicate copy of the proof of death had been mailed to the Model company, it would have been received and retained by appellant.   The law does not require a party to do a useless act.

The lower court did not err in sustaining the demurrer to the third paragraph of answer, unless plaintiff's decedent was bound by the provisions of the reinsurance contract.   In *Federal Life Ins. Co.* v. *Kerr, supra,* it was held on page 625 *et seq.* that under the statute (§4753

Burns 1908, §15 Acts 1897 p. 318), by virtue of which the assets and liabilities of the Model company were transferred to appellant, the risks were taken over as they existed at the time of transfer. It follows, therefore, unless the holding in the Kerr case was erroneous, that the rights of the assured were not cut down by the provisions of the reinsurance contract between the companies. Notwithstanding appellant's vigorous assault on that holding, we, nevertheless, think it was correct, and, as the period of contest had elapsed before the transfer, the facts alleged in the third paragraph constituted no cause of defense. For the same reasons the fourth paragraph of answer is not sufficient to repel a demurrer.

In appellant's motion for a new trial, various reasons therefor were assigned, among which were those that the decision was not supported by sufficient evidence and was contrary to law.

At the trial, on appellee's offer, appellant's answer, containing the reinsurance contract, was admitted in evidence by the trial court.

Appellant contends that plaintiff, having offered in evidence the answer containing the reinsurance contract, is thereby bound by the provisions thereof, and cites, in support of this contention, *Cleveland, etc., R. Co.* v. *Gray* (1897), 148 Ind. 266, 46 N. E. 675. That case does not support appellant's proposition. Without setting out the other reasons urged for a new trial, it is sufficient to say that they all rest on the theory that this court erred in its decision in the case of *Federal Life Ins. Co.* v. *Kerr, supra.* We are content to abide by the conclusion reached by the court in that decision. There is no reversible error in the record. Judgment affirmed.

NOTE.—Reported in 97 N. E. 1011. See, also, under (1) 25 Cyc. 781, 917; 45 Am. St. 442; (2) 25 Cyc. 920; (3) 25 Cyc. 781; (4) 16 Cyc. 968. As to liability of a reinsurer see 8 L. R. A. (N. S.) 844.