[Civ. No. 12974. First Dist., Div. Two. Nov. 14, 1945.]

WALTER LINKE, Appellant, v. CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS et al., Respondents.

Walter Linke, in pro. per., for Appellant.

No appearance for Respondents.

NOURSE, P. J.—The plaintiff sued the defendant church and its president, but it is not possible to state the nature of his purported cause of action. At the trial in the superior court the defendants failed to appear and the cause was dismissed upon the ground that no cause of action was pleaded.

From the papers on file it appears that plaintiff complains of some act, whether overt or hidden, it does not appear, by which he was "disfellowshipped" because he refused to admit that his advocacy of certain religious doctrines were contrary to the accepted views of the church. His brief on

appeal does not specify any particular error in the order of dismissal, and cites no authority other than Winston Churchill and a former senator from the State of Utah.

From the paper designated a complaint it appears that appellant advocated religious views contrary to those maintained by leaders of the church particularly in relation to the rights of women members. He states that those in control have shown discrimination in favor of the male members and against women in the practice of the church relating to marriage. He also criticized the views expressed by one of the elders that Eve was the beginning of all evil and caused the fall of mankind, whereas Adam was a hero. For these, and similar disagreements with the church authorities, he was directed to sit in the Sunday School class conducted for women, but was not permitted to address the class or express his own views as to the tenets of the church.

This treatment on the part of the church officials he states was "libelous" and "slanderous," but he does not state that he suffered any damage. To the contrary, he states that he has become the agent of a huge percentage of the congregation, and particularly the women members, in the expression of their views on the subject of equal rights and privileges.

From all that can be gleaned from the paper on file (which is not a complaint, and is not verified) it appears that the plaintiff seeks the relief of this court in a settlement of a controversy between him and the church officials touching the internal affairs and practices of the church and that he desires the court to declare that his religious views are sound and that we should restore him to all the privileges of membership. He does not state that he has been suspended or expelled from membership because of his views, but he implies that he has suffered some disciplinary penalties because of his disagreements with the church authorities.

It is unfortunate for him, if he believes that he has suffered some civil wrong, that he did not procure legal advice so that his cause of action, if he has any, could be presented in a proper manner. ■ A religious organization of this character is purely voluntary and one who joins the society "submits himself to the disciplinary power of the body." (22 Cal.Jur., p. 783.) ■ His rights as a member are governed by the constitution and by-laws which he has chosen as his guide and precept, hence, the courts will not interfere unless it appears that the church authorities have proceeded

contrary to the rules of the association. (4 Am.Jur., p. 472; *Smetherham* v. *Laundry Workers' Union,* 44 Cal.App.2d 131, 136 [111 P.2d 948].) ▉ But a complaint for relief from such disciplinary action must plead the facts showing a departure from the rules of the organization. Here the appellant has failed to plead any triable cause of action, and hence the proceeding was properly dismissed.

The judgment is affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied December 14, 1945, and appellant's petition for a hearing by the Supreme Court was denied January 10, 1946.