WILLIAM BAUGH, PLAINTIFF-APPELLANT, v. EDGAR G. THOMAS, INDIVIDUALLY AND AS PASTOR OF THE FIRST BAPTIST CHURCH OF SOUTH ORANGE, NEW JERSEY, HENRY WALDEN, ALEXANDER REAVES, GILBERT CARTER, ARTHUR SMITH, JUANITA MILES, LORRAINE McMILLAN, CATHERINE BOND, INDIVIDUALLY AND AS TRUSTEES OF THE FIRST BAPTIST CHURCH OF SOUTH ORANGE, NEW JERSEY, DEFENDANTS-RESPONDENTS.

Argued November 18, 1969—Reargued May 4, 1970—
Decided June 1, 1970.

Mr. *Benjamin P. Michel* argued the cause for the plaintiff-appellant (*Messrs. Riker, Danzig, Scherer & Brown,* attorneys; Mr. *Everett M. Scherer* of counsel; Mr. *Benjamin P. Michel* on the brief).

Mr. *Emil Oxfeld* argued the cause for the defendants-respondents (*Messrs. Rothbard, Harris & Oxfeld,* attorneys).

The opinion of the court was delivered by

PROCTOR, J. This case involves the expulsion of a member of a church. Plaintiff brought suit for reinstatement in the Chancery Division which dismissed his complaint on the ground that it lacked jurisdiction to consider questions of church membership. The Appellate Division affirmed in an unreported opinion and we granted plaintiff's petition for certification. 54 *N. J.* 501 (1969).

This case arose out of a dispute over plaintiff's right to be a member of the Board of Trustees of the First Baptist Church of South Orange. During this dispute it was alleged that plaintiff uttered "a profane statement" by characterizing an accusation that he threatened to sue the Church as "a lie." As a result of a vote by the members of the Church, "the right hand of fellowship" was withdrawn, i. e., the plaintiff was expelled from the Church. Plaintiff filed a complaint against the pastor and the members of the Board of Trustees seeking to be reinstated and to be recognized as a member of the Board. Subsequently, the attorneys for the parties agreed upon terms of a settlement whereby the plaintiff would send a letter of apology to the Board of Trustees and the congregation, and the matter would be presented at a meeting of the members of the Church. It further provided that the plaintiff would be reinstated and eligible to run for election as a trustee at a subsequent special

meeting if the congregation voted to accept his letter of apology.

Thereafter, plaintiff submitted a written apology to the Board but qualified it by failing to admit that he had done anything wrong. The congregation convened to consider plaintiff's reinstatement and attorneys for both sides were present at the meeting. According to plaintiff's amended complaint there were 31 votes against him and 25 in his favor. One vote against him was disqualified because the voter was delinquent in the payment of her dues. Plaintiff alleges that two other members who voted against him should also have been disqualified for the same reason. This would change the vote to 28 against reinstatement and 25 in favor. He further alleges that there were four members present who abstained. He contends that the votes of these four members should have been counted for him in accordance with the Constitution of the Church since that document requires that abstentions should be counted as affirmative votes. Thus, by plaintiff's count, he should have been reinstated by a vote of 29 to 28. Upon defendants' refusal to recognize plaintiff as a member of the Church, plaintiff filed the amended complaint which is the subject of this action.

In rejecting plaintiff's claim, both the trial court and the Appellate Division relied on *Moorman v. Goodman*, 59 *N. J. Super.* 181 (App. Div. 1960), which held that the expulsion of members from churches is not a proper subject for judicial consideration. *Id.* at 186.

In *Moorman,* a dispute arose between two factions in a Baptist Church. One faction filed a suit contending the Church's pastor had been ousted by a vote of the membership but refused to leave the pulpit. In response, the other faction brought a suit against the plaintiffs in the first action for interfering with the orderly conduct of church affairs and for being guilty of other improprieties. The actions were consolidated in the Chancery Division, and at the suggestion of counsel, a consent order was entered by

the court appointing a commission of three Baptist ministers to consider the charges and countercharges. The commission submitted a report stating, *inter alia,* that the meeting ousting the pastor was illegal, and that the tenure of the pastor could only be determined by a vote of the duly constituted membership of the Church. The commission recommended that a meeting of the members be held to determine the disposition of the charges against the plaintiffs in the first suit, and to determine whether the tenure of the pastor should continue. The court accepted the recommendations, and members of the congregation met under the supervision of the commission and voted to exonerate the pastor and to "withdraw the hand of fellowship" from ten members of the first faction, *i. e.,* the ten were ousted from the Church. Upon receiving the commission's report of the elections and its recommendations that the elections be sustained, the trial court entered a judgment adopting the commission's report and recommendations. On appeal to the Appellate Division, the ten members contended that their ouster was illegal because it was not in accord with proper Baptist Church practices and procedures. The Appellate Division held that the issue was not a proper one for judicial consideration. *59 N. J. Super.* at 186.

In reaching this decision, the Appellate Division relied on earlier cases which held that courts lack jurisdiction over spiritual matters and the administration of church affairs which do not affect the civil or property rights of individuals, *Jennings v. Scarborough, 56 N. J. L.* 401 (Sup. Ct. 1894); *Livingston v. Rector, etc., of Trinity Church, 45 N. J. L.* 230 (Sup. Ct. 1883); *Everett v. First Baptist Church of Sussex, N. J., 6 N. J. Misc.* 640 (Sup. Ct. 1928); *Cabinet v. Shapiro, 17 N. J. Super.* 540 (Law Div. 1952), and declined to follow *Hughes v. North Clinton Baptist Church, 75 N. J. L.* 167 (Sup. Ct. 1907).

It must be emphasized that there is no question of spiritual matters or church doctrine in the present case, *compare Presbyterian Church v. Hull Church, 393 U. S.*

440, 21 *L. Ed.* 2d 658 (1969), and *Watson v. Jones,* (13 Wall.) 679, 20 *L. Ed.*.666 (1872), and insofar as the above New Jersey decisions stand for the proposition that there is no jurisdiction in such cases, we are in agreement. Indeed, the constitutional principles of religious liberty and separation of church and state mandate such a position. *Presbyterian Church v. Hull Church, supra;* see also *Annotation,* "Suspension or Expulsion From Church or Religious Society and the Remedies Therefor," 20 *A. L. R.* 2d 421, 435.

We cannot, however, accept the proposition that civil courts lack jurisdiction to determine whether established procedures of a religious organization, as proved, have been followed where a member is expelled from that organization. Earlier decisions of this state which reject such jurisdiction are overruled.

We believe that expulsion from a church or other religious organization can constitute a serious emotional deprivation which, when compared to some losses of property or contract rights, can be far more damaging to an individual. The loss of the opportunity to worship in familiar surroundings is a valuable right which deserves the protection of the law where no constitutional barrier exists. See Chafee, "The Internal Affairs of Associations Not for Profit," 43 *Harv. L. Rev.* 993 (1930).

Moreover, except in cases involving religious doctrine, we can see no reason for treating religious organizations differently from other non-profit voluntary associations. In the context of other voluntary associations, we have held that there need not be a property right at stake for a court to assume jurisdiction. The status of membership in a voluntary association is sufficient to warrant at least limited judicial examination of the reason for expulsion. *Higgins v. American Society of Clinical Pathologists,* 51 *N. J.* 191 (1968). Other jurisdictions have extended judicial review to ousters of church members where the actions show a departure from the rules and regulations of the church. See *Taylor v. Jackson,* 50 *U. S. App. D. C.* 381, 273 *F.* 345

(1921); *Walker Memorial Baptist Church v. Saunders,* 285 *N. Y.* 462, 35 *N. E.* 2d 42 (1941); *David v. Carter,* 222 *S. W.* 2d 900 (Tex. Ct. Civ. App. 1949); *Randolf v. First Baptist Church,* 120 *N. E.* 2d 485 (Ohio Ct. C. P. 1954); cases collected in 20 *A. L. R.* 2d, *supra* at 462–66. *Cf. Bouldin v. Alexander,* 82 *U. S.* 131 (15 *Wall.*), 21 *L. Ed.* 69 (1872); *Linke v. Church of Jesus Christ of Latter Day Saints,* 71 *Cal. App.* 2d 667, 163 *P.* 2d 44 (1945). This position was taken in *Hughes v. North Clinton Baptist Church, supra,* 75 *N. J. L.* 167 (Sup. Ct. 1907) which the Appellate Division declined to follow.

■■ In the present case, the plaintiff urges that the vote for reinstatement was improperly counted because it did not accord with established Church procedure. He alleges that members who were ineligible to vote were included in the tally against him and persons who abstained were not counted for him. In short, he contends that a tabulation of the votes which comported with Church procedure would result in his reinstatement. In view of the trial judge's position on the jurisdictional issue, there was no proof taken on the procedures utilized by the Church. Moreover, at the argument before us, there was some confusion regarding the form of the resolution put to the members for a vote on plaintiff's reinstatement. Since the tabulation of the votes apparently depends primarily on whether the resolution was phrased in the positive or the negative, there must be a remand. On this remand, the procedure which defendants allegedly breached must, of course, be proved by plaintiff. Finally, we note that a Baptist Church is an independent self-governing body whose affairs are administered by the membership acting together, and whose will is expressed by a majority vote of its members. Reverend Edward S. Hiscox, *New Directory for Baptist Churches* P. 144 (1945); *New Manual for Baptist Churches P.* 13 (1931). See *Harrison v. Floyd,* 26 *N. J. Super.* 333, 337 (Ch. Div. 1953). Thus, there is no problem of exhaustion of remedies.

We conclude that plaintiff's amended complaint states a cause of action which our courts may properly hear in that it alleges an expulsion in violation of the Church's established procedures.

The judgment of the Appellate Division is reversed and the matter is remanded to the Chancery Division for trial.

*For reversal and remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, SCHETTINO and HANEMAN—6.

*For affirmance.*—None.